PARISH (DRESKILL v.). See Cases Nos. 4,075 and 4,076.

PARISH (OLIVER v.). See Case No. 10,500.

PARK (EMMA SILVER MIN. CO. v.). See Case No. 4,467.

PARK (KLEIN v.). See Case No. 7,868.

---

## Case No. 10,715.

### PARK v. LITTLE et al.

[3 Wash. C. C. 196; 1 Robb. Pat. Cas. 17; Merw. Pat. Inv. 310.][1]

Circuit Court, D. Pennsylvania. April Term, 1813.

PATENTS—ALARM BELL FOR FIRE ENGINE—AGREEMENT TO ASSIGN—NOVELTY—CERTAINTY IN SPECIFICATIONS.

1. Action for an infringement of the plaintiff's patent-right to alarm-bells for fire engines. The defendants opposed the claim, because the plaintiff had given the use of his invention to the Philadelphia fire company—that the invention is not an alarm-bell, as mentioned in the patent, nor a hose or fire engine—that their bells differ in principle with the plaintiff's.

2. The plaintiff, not having assigned the whole of his title and interest in the invention, and no deed of assignment being recorded in the office of the secretary of state, may recover, notwithstanding any agreement to assign.
[Cited in Wilson v. Rousseau, Case No. 17,832.]

3. The question, whether the invention is new, will be decided, not by the fact that bells are not new, but whether the mode of ringing them, by the motion of the engine, and not by manual action, is new.

4. The thing for which the patent is granted should be truly and fully described in the specification. The matters not disclosed must appear to have been concealed for the purpose of deceiving the public.
[Cited in Whitney v. Emmett, Case No. 17,585; Wilson v. Rousseau, Id. 17,832.]
[Cited in Rowe v. Blanchard, 18 Wis. 442.]

5. If an invention is an improvement in the principle of a machine for which a patent has been granted, it is not a violation of the patent —if it is an improvement in the form, it is such a violation.
[Cited in Re Boughton, Case No. 1,696.]

Action for the violation of the plaintiff's patent-right to alarm-bells for fire engines. The specification states the bell to be attached to a horizontal piece of iron, fixed into an upright elastic piece, the vibrations of

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the supreme court of the United States, under the supervision of Richard Peters, Jr., Esq. Merw. Pat. Inv. 310, contains only a partial report.]

which are regulated by a ball of four or five pounds on the top—the whole frame being fastened on the engine, and the bell made to ring by the motion of the wheels on which the engine is fixed. These bells were used on the Philadelphia fire hose engine, for whose use the plaintiff particularly intended it, for the purpose of informing the members, at night, where to find it. The defendants [Little & Wood] being members of another hose company, erected on that engine a frame somewhat like gateposts, with a post across, to which were suspended two bells, attached, like the house-bells, to a circular elastic spring. This is the alleged violation. The objections to the plaintiff's recovery were—1. That his counsel stated, in the opening, that plaintiff had given the use of his invention to the Philadelphia fire company. 2. That this is neither a new nor a useful invention. 3. That it is called, in the patent, an alarm-bell for a fire engine; whereas, it is not intended to give an alarm, but merely to distinguish the members of the Philadelphia company from other companies; and that a hose engine is not a fire engine. Some other objections were made to the specification. 4. That the bells used by the defendants are on an entirely different principle from those of the plaintiff.

WASHINGTON, Circuit Justice (charging jury). First point: The plaintiff is entitled to recover at law, no matter what private agreement subsists between him and any other person or persons, unless he has made a legal assignment and transfer of his interest in the invention: now, in this case, it does not appear that such an assignment has been made.

2. Whether this is a new and useful invention, you must decide. But the question is not, whether bells to give alarm or notice are new, but whether the use and application of them to fire engines, to be rung, not by manual action, but by the motion of the carriage, for the purpose of alarm or notice, is a new invention, or improvement of an old one? The power of steam is not new, and yet its application for propelling boats would be considered as such. Nevertheless, you must decide, on the evidence, whether the application of these bells to fire engines is new. As to the question of its utility, it is proved that the plaintiff has received fifty dollars from one fire company in Baltimore, for the privilege of using his invention; and the fire insurance companies of this city, by voting sums of money to the Philadelphia fire company, on account of their using them, is some evidence of their opinion.

3. This is called, in the patent, an alarm-bell; and so it certainly is, so far as it may give notice of a fire to the inhabitants, and to the members of the company of the engine to which they belong. A hose engine may as properly be called a fire engine, as any other used for extinguishing fire. It is true,

that the thing for which the patent is granted should be truly and fully described in the specification; but if this is done, so as clearly to distinguish it from all other things before known, and so as to enable any person skilled in the art of which it is a branch, or with which it is most nearly connected, to make and use the same, it is sufficient—the matters not disclosed must appear to have been concealed for the purpose of deceiving the public, to invalidate the patent.

4. The last question is, have the defendants by the devising or using their bells, violated the plaintiff's right? The inquiries under this head are—1st. Are the defendants' bells, as used by them, an improvement of the plaintiff's? You have seen and tried both, and can decide. 2d. Is it an improvement in the principle or in the form? If the former, then it is no invasion of the plaintiff's privilege—if the latter, it is.

Verdict for defendants.